### STATE OF LOUISIANA *v.* LOUIS SOULÉ.

The Act approved March 19th, 1857, entitled "an Act to amend an Act relative to jurors" does not repeal, but merely amends, and re-enacts, as amended, the third section of the Act of 1855, entitled "an Act relative to juries"

APPEAL from the District Court of the parish of Rapides, *Cullom*, J.

*C. N. Hines*, for plaintiff.    *Hyman & Cazabat*, for defendant and appellant.

SPOFFORD, J.    The prisoner sentenced to imprisonment at hard labor during life, for the crime of murder, has appealed.

We have no means of passing upon the motion to change the venire. In criminal cases, we decide questions of law alone. *State* v. *Bunger*, 11 An. 607.

The prisoner complains that the district judge erroneously refused to quash the *venire* from which a jury was selected to try him. This is made to appear by a bill of exceptions.

It is admitted that the venire was drawn conformably to the third section of an Act entitled "an Act relative to juries" approved March 14th, 1855, (p. 298.) But it is contended that this section was repealed by an Act approved March 19th, 1857, (Sess. Acts p. 179.) This is a mistake; the third section of the former Act was merely amended by the Act of 1857, as appears by the title which is "an Act to amend an Act entitled 'an Act relative to jurors' approved March 14th, 1855." The section amended is reënacted and published at length, as required by the Constitution, Art. 116. The only change of importance is as to the selection of the foreman of the grand jury, who is to be taken from the whole venire, instead of the first sixteen names drawn. It is not contended that this provision was violated. In other respects the formalities required by both the old and the new law were strictly followed. And the amendments of 1857, did not require the list already selected from the assessment roll, and the law of 1855, but not yet exhausted, to be set aside and a new list to be made out.

Judgment affirmed, with costs.